# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 12-462V
Filed: May 22, 2018

```
* * * * * * * * * * * * * *
BRIAN WITTE,                          *     UNPUBLISHED
                                      *
          Petitioner,                 *
v.                                    *     Decision on Attorneys' Fees and Costs
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
          Respondent.                 *
* * * * * * * * * * * * * *
```

*Franklin J. Caldwell, Jr., Esq.*, Maglio, Christopher & Toale, Sarasota, FL, for petitioner.
*Justine E. Walters, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On July 23, 2012, Brian Witte ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2]  Petitioner alleges that he suffers from Guillain-Barre Syndrome ("GBS") as a result of the trivalent influenza ("Flu") vaccination he received on October 11, 2011.  Petition, ECF No. 1.  Respondent denied causation; nevertheless, the parties stipulated to a damages award, and the undersigned issued a decision awarding damages on October 24, 2017.  *See* ECF No. 78.

On April 25, 2018, petitioner filed a Motion for Attorneys' Fees and Costs, requesting attorneys' fees in the amount of $80,836.00, and $20,633.83 in costs, for a total of $101,469.83.  Motion for Fees, ECF No. 83.  On May 8, 2018, respondent filed a response to petitioner's

---

[1]     Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2]     National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Motion for Fees that contained no specific objection to the amount requested or hours worked, but instead asked that the undersigned exercise her discretion in determining the proper amount to be awarded. ECF No. 68. Petitioner filed a reply to respondent's response on May 8, 2018. ECF No. 85.

## I. Applicable Legal Standards

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 569 U.S. 369, 373 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera*, 515 F.3d at 1349. Under this approach, "[t]he initial estimate of a reasonable attorney's fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez* v. *Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall* v. *Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (Fed. Cir. 2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist.* v. *U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch* v. *Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has issued a fee schedule that updates the *McCulloch* rates to account for inflation in subsequent years.[3]

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. The application for fees and costs must "sufficiently detail and explain the time billed so that a special master may determine . . . whether the amount requested is reasonable," and an award of attorneys' fees may be reduced for "vagueness" in billing. *J.W. ex rel. Wilson* v. *Sec'y of Health & Human Servs.*, No.

---

[3] This fee schedule is posted on the court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

15-1551V, 2017 WL 877278, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2017).  Moreover, counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton ex rel. Saxton* v. *Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley* v. *Eckerhart*, 461 U.S. 424, 434 (1983)).  "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries."  *Raymo* v. *Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016).

Furthermore, some tasks are generally compensated at a reduced rate.  Attorneys who perform non-attorney-level work are compensated at a rate comparable to what would be paid to a paralegal.  *See O'Neill* v. *Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).  Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate.  *See Scott* v. *Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases).  Finally, some tasks are never compensable.  For instance, "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program."  *Matthews* v. *Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).  And clerical and secretarial tasks should not be billed at all, regardless of who performs them.  *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.  Non-compensable clerical and secretarial tasks include making travel arrangements, reviewing and paying invoices, setting up meetings, organizing files, scheduling conference calls, and reviewing files for consistency.  *J.W.*, 2017 WL 877278, at *3; *Barry* v. *Sec'y of Health & Human Servs.*, No. 12-039V, 2016 WL 6835542, at *4 (Fed. Cl. Spec. Mstr. Oct. 25, 2016).

It is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Saxton*, 3 F.3d at 1522.  In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged.  *See Broekelschen* v. *Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming special master's reduction of attorney and paralegal hours); *Guy* v. *Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).  Ultimately, special masters have substantial discretion in awarding fees and costs, and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond.[4]  *See Sabella* v. *Sec'y of Health & Human Servs.*, 86

---

[4]     In his reply to respondent's response, petitioner claims that because respondent did not object to petitioner's motion for fees and costs, "the Court may properly consider the fees and costs to be unopposed and grant them without further analysis."  ECF No. 85 at 2.  Although respondent's lack of opposition could arguably amount to a waiver of any future objections to this decision, the Vaccine Act permits an award of "*reasonable*" attorneys' fees and costs, § 15(e)(1) (emphasis added), which "compels each special master to determine independently whether a particular request is reasonable."  *Savin ex rel. Savin* v. *Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 318 (2008).  "This obligation is not suspended—nor the sound discretion and common sense that underlie it rendered inoperable—merely because respondent failed to object."  *Id.*; *see, e.g.*, *Scharfenberger* v. *Sec'y of Health & Human Servs.*, 124 Fed. Cl. 225, 234 (2015); *Morse* v. *Sec'y of Health & Human Servs.*, 93 Fed. Cl. 780, 792 (2010).  Rather, the petitioner bears the burden of showing that a request for fees is reasonable, and that burden must be satisfied "at the time [the] petitioner submits an application for attorneys' fees."  *Rodriguez v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 453, 479-80 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011).

Fed. Cl. 201, 209 (Fed. Cl. 2009).  Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *See Broekelschen*, 102 Fed. Cl. at 729.

## II. Discussion

**A.    Reasonable Hourly Rates**

Petitioner requests $80,836.00 in attorneys' fees.  ECF No 83-1, Pet. Ex. 51.  The requested hourly rates from 2011 to 2017 are consistent with the rates previously found to be reasonable in cases involving petitioner's counsel.  *Id.* at 8; *See e.g.*, *McGraw v. Sec'y of Health & Human Servs.*, No. 12-282V, 2017 WL 5662556 (Fed. Cl. Nov. 1, 2017); *DiFazio* v. *Sec'y of Health & Human Servs.*, No. 09-530V, 2017 WL 2417322 (Fed. Cl. Spec. Mstr. May 10, 2017); *Dezern* v. *Sec'y of Health & Human Servs.*, No. 13-643V, 2016 WL 6678496 (Fed. Cl. Spec. Mstr. Oct. 14, 2016).

Mr. Caldwell has been practicing law since 1993 or 25 years; thus, the applicable range for his forum rates under *McCulloch* is $370-$439.  However, he has been in the Vaccine Program for 9 years and is requesting $391 per hour for 2018, a $24 dollar increase from his current rate of $367.  *See Srour v. Sec'y of Health & Human Servs.*, No. 14-283V, 2017 WL 2537373, at *4 (Fed. Cl. Spec. Mstr. May 17, 2017) (awarding hourly rate based in part on "specific experience with the Vaccine Program"); *Dipietro v. Sec'y of Health & Human Servs.*, No. 15-742V, 2016 WL 7384131, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (considering level of experience in the Vaccine Program in determining appropriate hourly rate); *McCulloch*, 2015 WL 5634323 at *7.  While I agree that Mr. Caldwell's rate should be raised to fall within the *McCulloch* range of $370-$439 to reflect his 25 years of practice and 9 years in the Program, he provides no basis for his request to increase his hourly rate to $391 per hour.  Assuming that I chose to raise Mr. Caldwell pursuant to the Producer Price Index – Offices of Lawyers ("PPI-OL"), which is the current accepted rate calculation for 2018,[5] that increase would result in an hourly rate of $387, not $391.  I am under no obligation to apply the full PPI-OL calculation when considering an hourly rate increase.  *See Parrott v. Shulkin*, 851 F.3d 1242, 1248 n.4 (Fed Cir. 2017).  Mr. Caldwell submitted no basis for the increase of his hourly rate to $391 per hour, a rate higher than he would have received had the full PPI-OL calculation been applied.  Mr. Caldwell's hourly rate for 2018 will be increased to $375 per hour to reflect his 25 years of experience and 9 years in the Program.  The rates for his paralegals, Ms. Lally and Ms. Mogese, will remain the same at $145 per hour.

---

Any possible "misperceptions regarding fees or costs" (ECF No. 85 at 3) should therefore be addressed in the motion for fees; special masters are "not obliged to offer petitioners' counsel a second chance to do what he should have done *ab initio*."  *Savin*, 85 Fed. Cl. at 317; *see, e.g.*, *Valdes v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 415, 424 (2009); *see also Masias v. Sec'y of Health & Human Servs.*, 634 F.3d 1283, 1292 n.10 (Fed. Cir. 2011) (rejecting the argument that "the special master's 'inquisitorial' mode of adjudication" in determining a fee award deprived the petitioner of "an opportunity to challenge the evidence that the special master relied upon").

[5]    This fee schedule is posted on the court's website.  *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2018*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2018.pdf.

Therefore, Mr. Caldwell will be awarded $675 for work performed in 2018 (1.80 hours at $375 per hour) and his two paralegals—Ms. Lally and Ms. Mogese—will be awarded a total of $43.50 for work performed in 2018 (.30 hours at $145 per hour).

**B.     Reasonable Time Expended**

The undersigned finds that a number of the hours billed were "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.[6]  For example, there are billed tasks in which attorneys and/or paralegals performed administrative tasks such as setting up meetings, organizing files, scheduling conference calls, and reviewing files for consistency.[7]  Additionally, there are instances of block billing,[8] as well as entries of tasks that are vague in description and do not provide any basis for determining their reasonableness.[9]  For these reasons, the undersigned finds that the requested $80,836.00, with the hourly rate modification discussed above, should be further reduced by 10%.  Applying the hourly rates determined above, 1.80 hours at $375 per hour for work performed by Mr. Caldwell in 2018 (or $675) and .30 hours at $145 per hour for his two paralegals—Ms. Lally and Ms.Mogese—for work performed in 2018 (or $43.50), reduces the requested $80,836.00 to $80,806.30.  The 10% reduction further reduces the amount by $8,080.63 to $72,725.67.  Therefore, $72,725.67 is awarded in attorneys' fees.

---

[6]      The following entries are examples and are not exhaustive; they simply provide a sampling.

[7]      *See, e.g.*, Motion for Fees, ECF No. 83-1, Pet. Ex. 51, at 1 ("Review proof of service to client"); *id.* at 2 ("Review and organize client file"); *id*. ("Schedule status conference"); *id.* ("Review and respond to email from Law Clerk.  Reschedule status conference"); *id.* at 3 ("Reschedule status conference"); *id.* at 4 ("Schedule status conference"); *id.* at 5 ("Review file and update status"); *id.* at 6 ("Review electronic notice.  Review and download order.  Schedule status conference."); *id.* ("Review electronic notice.  Review and download scheduling order.  Reschedule status conference."); *id*. at 7 ("Review correspondence regarding medical records"); *id*. at 9 ("Email from OSM re: rescheduled status conference"); *id.* ("Schedule telephone conference with atty"); *id*. at 11 ("Prepare correspondence to client regarding retainer"); *id*. ("Prepare and process file to send to expert for review"); *id.* at 13 (Emails from/to/between OSM/DOJ re: status conference"); *id*. at 16 ("Emails from/to/between mediator/DOJ re: scheduling initial telephone conference").

[8]      *See, e.g.*, Motion for Fees, ECF No. 83-1, Pet. Ex. 5, at 4 ("Review file and medical records for completion.  Telephone conference with client regarding medical records and facilities treated prior to vaccine.  Review primary care provider records and exhibits.  Telephone conference with medical provider and request influenza test results.  Prepare medical records and Exhibits for filing.  Prepare Notice of Filing Exhibits.  Prepare Statement of Completion.  Email F. Caldwell with pleading for review"); *id.* at 10 ("Review correspondence from Bactes.  Research Rule 64C8-10.003, Florida Administrative Code related to costs for medical records.  Draft mail certified and fax correspondence to BACTEs rejecting excessive fee invoice.").

[9]      *See, e.g.*, Motion for Fees, ECF No. 83-1, Pet. Ex. 51, at 3 ("Review electronic notice"); *id.* at 8 ("Draft correspondence to client"); *id.* at 15 ("Review file for valid Authorization.").

**C.      Reasonable Costs**

Petitioner requests $20,633.83 in attorneys' costs.  ECF No. 83-2, Pet. Ex. 52.  The requested costs consist of securing medical records, shipping costs, travel expenses, and expert fees.  The undersigned finds petitioner's requested costs to be reasonable.

### III. Total Award Summary

Based on the foregoing, the undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs.  Accordingly, the undersigned awards **$93,359.50**,[10] representing $72,725.67 in attorneys' fees, and $20,633.83 in costs, **in the form of a check payable jointly to petitioner and petitioner's counsel, Franklin J. Caldwell, Jr., Esq**.  The clerk shall enter judgment accordingly.[11]

**IT IS SO ORDERED.**

<u>s/ Mindy Michaels Roth</u>
Mindy Michaels Roth
Special master

---

[10]      This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See Beck* v. *Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[11]      Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.